Judge Mills
delivered the Opinion of the Court.
Jenkins and wife joined in an action of covenant against the defendants below.
The writing was executed by the defendants alone. As set out in the declaration, it recites that Jenkins alone had sold and delivered to the defendants a negro man slave, at the price of six hundred and fifty dollars, and had paid fifty thereof; and that the negro was devised and directed to be sold *29 by the will of W. S. Parker, who claimed him, and the proceeds thereof directed to be paid to the use of the children of the plaintiff’s wife, and that Alexander Parker claimed the slave. The defendants then stipulated and bound themselves to set apart and place in trust, in such manner as might be perfectly safe for all parties, as soon as the instalments were all paid, six shares in the Farmer’s and Mechanic’s Bank of Lexington, and cause them to remain subject to be transferred to the children of said Jenkins’ wife, or the said A. Parker, or whosoever else might be entitled ultimately thereto; and so soon as it might be ascertained to whom the said slave belonged, the aforesaid shares should be assigned, according to law, to such person, on request.
Judgment of the circuit court.
Where a covenant is given .to one that a sum of money shall he paid to another, the action must be in the name of the covenantee who holds the-legal interest, and of him only. Trustees of Perry-ville vs. Letcher, 1 Moirroe 13.
In the mean time, during the life of said Jenkins, the defendants bound themselves to pay to him and wife the regular half yearly dividend of said six shares, unless it should happen in the mean time that A. Parker, said Jenkins’ children, or other claimant, should wrest the fund from the hands of sue!» trustee, as it might be lodged with, or from the defendants. But the defendants covenanted that the regular half yearly dividends should be paid to said Jenkins arid wife after the first day of January then next ensuing, and so much as should fall due or be an equal proportion until the said first day of January.
Breaches were assigned, or attempted to be assigned, of nearly every covenant in the writing. The defendants demurred, and the court sustained the demurrer, and the plaintiffs below appealed.
It has been here insisted that the breaches or some of them assigned are good, and on the contraryKthat they are ail ill assigned. We have thought it unnecessary to determine on the sufficiency of the breaches, further than to remark that some of them are of a doubtful character. For there is a previous question, which must determine the fate of tlie writ. We cannot conceive the propriety of uniting the wife of Jenkins with him in the action. It is true there are stipulations therein for her benefit; but there are likewise some in favor of her children, and one contingently in favor of A. Par *30 ker, and it might, with as much propriety be insisted, that they should be co-plaintiffs; indeed, if the wife must be plaintiff, the declaration is defective in not including her children, and if the wife cannot be plaintiff, then the action cannot be sustained. We view this as a covenant with Jenkins-alone, for the benefit not only of himself, but of his wife and children, and it is a well settled rule, where a covenant is given to one for the benefit of a third person, or stipulating that a sum of money shall be paid to such third person, the action must be brought in the name of the covenantee who holds the legal interest, and cannot be maintained by such third person, who is entitled to an equity only, nor can such third person be joined in a legal action.
In such case, if the person io whom it was covenanted the money should be paid bo joined, the declaration will bo ill on general demurrer.
Payne for appellants.
The appellant therefore having joined with him a person who cannot be joined, and having shewn that on the face of his own proceedings, it must be fatal to the action on general demurrer. The judgment must therefore be affirmed with costs.